UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR., <br><br> Plaintiff, <br><br> v. <br><br> HOTEL CIRCLE GL HOLDINGS, LLC, <br><br> Defendant. | No. 1:19-cv-01194-DAD-EPG <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS <br><br> (Doc. No. 8) |

This matter is before the court on defendant Hotel Circle GL Holdings, LLC's ("defendant") motion to dismiss *pro se* plaintiff Peter Strojnik Sr.'s ("plaintiff") complaint. A hearing on the motion was held on November 19, 2019. Plaintiff appeared telephonically on his own behalf, and attorney Philip Stillman appeared telephonically on behalf of defendant. The court has considered the parties' briefs and oral arguments and, for the reasons set forth below, will grant defendant's motion to dismiss with leave to amend.

**BACKGROUND**

Plaintiff's complaint alleges as follows. Plaintiff is a person which physical disabilities, including "severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee . . . ." (Doc. No. 1 ("Compl.") at ¶¶ 2, 3.) These disabilities "substantially limit [plaintiff's] major life activities," in that he "walks with difficulty and pain and requires compliant mobility accessible features at places of public

1

accommodation." (*Id.* at ¶ 4.) Defendant owns, operates, or leases a hotel located at 300 S. Court Street, Visalia, CA 93291 (the "Hotel"). (*Id.* at ¶ 5.) On or about June 8, 2019, plaintiff visited the Hotel and encountered barriers to accessibility. (*Id.* at ¶¶ 15, 16.) Plaintiff has attached to his complaint an "Addendum A," wherein he includes photographs of these alleged barriers to accessibility. (*See id.* at 8–10.) As a result of these barriers, plaintiff "is deterred from visiting the Hotel based on [his] knowledge that the Hotel is not . . . compliant [with the Americans with Disabilities Act ('ADA') and California's Unruh Act] as such compliance relates to Plaintiff's disability." (*Id.* at ¶ 11.) "Plaintiff intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant with [ADA Accessibility Guidelines ("ADAAG")] . . . ." (*Id.* at ¶ 12.)

On August 30, 2019, plaintiff commenced this action, asserting claims under the ADA, the Unruh Act, and the California Disabled Persons Act ("DPA") as well as a negligence claim against defendant. (*Id.* at 3–7.) On October 9, 2019, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), defendant moved to dismiss the complaint, arguing that: (1) plaintiff lacks standing to assert his ADA, Unruh Act, and DPA claims; and (2) the ADA and negligence claims fail to state cognizable claims. On October 18, 2019, plaintiff filed his opposition to the pending motion, and on November 12, 2019, defendant filed its reply thereto. (Doc. Nos. 10, 15.)

**LEGAL STANDARD**

"Rule 12(b)(1) permits a defendant to seek dismissal of a complaint for lack of subject-matter jurisdiction," and "[a] defendant may bring a Rule 12(b)(1) motion to dismiss based on a lack of standing." *Borden v. Horwitz*, No. 2:10-cv-00141-JHN-PLAx, 2010 WL 11459325, at *2 (C.D. Cal. May 18, 2010) (citing *Young v. Crofts*, 64 F. App'x 24, 25 (9th Cir. 2003)); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6).").

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 383 F.3d 1035, 1039 (9th Cir. 2004)

2

(citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 797 F.3d 1117, 1121 (9th Cir. 2014). As in a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Notably, extrinsic evidence is heard on factual attacks and the court may review "*any* evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (emphasis added) (citing *Land v. Dollar*, 330 U.S. 731 (1947)).[1]

## ANALYSIS

Here, defendant asserts a facial challenge to jurisdiction because it contends that the complaint's allegations, when accepted as true and all reasonable inferences are drawn in plaintiff's favor, fail to (1) adequately allege an injury-in-fact as required to confer plaintiff standing under Article III; and (2) adequately allege standing to seek injunctive relief, which is the only remedy available to plaintiff under Title III of the ADA. (Doc. No. 8-1 at 9–19.) The court addresses each of these arguments below.

**A.    Plaintiff Has Failed to Allege an "Injury-in-Fact" and He Does Not Have Standing to Seek Injunctive Relief under the ADA.**

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). To satisfy the case or

---

[1] As discussed in this order, the court finds that it lacks subject matter jurisdiction over plaintiff's sole federal claim, and the court will not exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the court need not address plaintiff's 12(b)(6) motion for dismissal and will therefore not state the relevant standards for such a motion.

controversy requirement, a plaintiff must show that he has suffered an injury-in-fact that is concrete and particularized; that the injury is traceable to the challenged action of the defendant; and that the injury is likely to be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (footnote and citation omitted). "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Id.* at 944.

Defendant first argues that plaintiff has not alleged an injury-in-fact in his complaint. (Doc. No. 8-1 at 9–13.) Specifically, defendant contends that plaintiff has not identified any alleged barriers to accessibility at the subject Hotel that relate to plaintiff's disability and "it is not even clear what that disability is." (*Id.* at 10–11.) In this regard, plaintiff alleges in his complaint the following facts with respect to his alleged disability or disabilities and how that disability or disabilities relate to the alleged barriers to accessibility he encountered at the Hotel: (1) plaintiff is "legally disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee"; (2) he "walks with difficulty and pain and requires compliant mobility accessible features at places of public accommodation"; (3) "Plaintiff's impairment is constant"; (4) "Plaintiff requires an ADA compliant lodging facility particularly applicable to his mobility, both ambulatory and wheelchair assisted"; (5) "Plaintiff encountered barriers to accessibility [at the Hotel] documented in Addendum A" and those barriers "related to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel"; and (6) "The ADAAG and Unruh violations in this Complaint relate to barriers to Plaintiffs [sic] mobility." (Doc. No. 10 at 5–6; Compl. at ¶¶ 3, 4, 10, 11, 14, 16, 17.) The court finds that these allegations are insufficient to support a claim that plaintiff suffered an injury-in-fact.

/////

4

First, although the complaint alleges that plaintiff is physically disabled, the extent of his disability is not clear from his allegations. For example, plaintiff alleges that he "requires . . . both ambulatory and wheelchair assist[ance]" (Compl. at ¶ 14), but does not allege how often he requires ambulatory assistance versus wheelchair assistance, nor does he allege that he required ambulatory or wheelchair assistance when he visited the subject Hotel. This deficiency clouds whether plaintiff has suffered an injury-in-fact. *See, e.g.*, *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB (JLB), 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he did not allege if he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users).

Second, plaintiff does not allege what barriers to accessibility he encountered at the Hotel. Plaintiff merely directs the court's attention to Addendum A to his complaint which contains, as in other cases filed by plaintiff, "a series of [fifteen] grainy, murky photographs titled 'Personal Barrier Encounters,' with brief captions" of barriers he purportedly encountered at the Hotel, but "does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying at the hotel." *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB (JLB), 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019). Indeed, the captions under each of the fifteen photographs—such as "Security latch too high," "Not everyone is welcome," "Grab bar – plumbing interference," "flush control on the wrong side of tank," etc. (Compl. at 8–11)—are bare legal conclusions cast in the form of factual allegations, with no specification as to how any alleged barrier violates any aspect of the ADA or any related accessibility guidelines. Although plaintiff references the ADAAG in his complaint, he does not allege what provision of the ADAAG any of the alleged barriers depicted in the photographs attached to the complaint purportedly violated. It is therefore altogether unclear from the allegations of the complaint before the court whether what plaintiff alleges are in fact ADA violations at all.

Third, even if the court were to find that the complaint plausibly alleges barriers to accessibility at the subject Hotel, the complaint still fails to allege an injury-in-fact because it does not allege how any of those alleged barriers relate to plaintiff's specific disability or

disabilities. The Ninth Circuit has held that a plaintiff "does not have standing to challenge those barriers that would burden or restrict access for a person" with a disability different than the plaintiff's disability. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1044 n.7 (9th Cir. 2008) (holding that plaintiff, a wheelchair user, "cannot challenge *all* of the ADA violations in the 7-Eleven store. . . . Doran may challenge only those barriers that might reasonably affect a wheelchair user's full enjoyment of the store."). Thus, "a 'barrier' will only amount to [] interference if it affects *the plaintiff's* full and equal enjoyment of the facility on account of his particular disability." *Chapman*, 631 F.3d at 947 (emphasis added). Here, plaintiff's complaint alleges, in conclusory fashion, that "Plaintiff encountered barriers to accessibility" and that these barriers "relate to Plaintiff's disability and interfere with Plaintiff's full and complete enjoyment of the Hotel." However, "Article III standing requires a concrete injury even in the context of a statutory violation," and plaintiff "c[an] not . . . allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, ___ U.S. ___, ___, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016); *see also Strojnik v. Orangewood LLC*, 8:19-cv-00946-DFS-GJS, (Doc. No. 18 at 7) (C.D. Cal. Aug. 8, 2019) ("Plaintiff does not identify what features or information Plaintiff requires for his accessibility needs. Plaintiff must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability."). From the complaint's conclusory allegations, the court is unable to conclude that any of the purported violations depicted in Addendum A to the complaint "relate to" plaintiff's disability or disabilities by burdening or restricting his access to the subject Hotel.

/////
/////
/////
/////
/////
/////
/////

6

Because plaintiff has failed to allege facts supporting an ADA violation that relates to his disability, the court concludes that plaintiff has failed to adequately allege an injury-in-fact.[2] However, even if the court were to find that the complaint plausibly alleged that plaintiff encountered an ADA violation at the Hotel that relates to his disability, his complaint still fails to allege that plaintiff has standing to seek injunctive relief under the ADA. As discussed, "to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future," which he can accomplish "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 946, 844 (footnote and citation omitted). Defendant contends that plaintiff has not properly alleged an intent to return to the subject Hotel, nor has he alleged facts sufficient to demonstrate that he is being deterred from returning to the Hotel. (Doc. No. 8-1 at 13–18.) Plaintiff counters, arguing that the allegations in his complaint—that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant hotel becomes fully compliant with ADAAG"

---

[2] Relying upon the Ninth Circuit's decision in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) ("*CREE*"), plaintiff argues that he has alleged an injury-in-fact because his complaint states he intends to visit the Hotel and has been deterred from returning by defendant's noncompliance with the ADA. He argues that, because a district court must accept his factual allegations as true in a facial attack to jurisdiction, he has sufficiently alleged an injury-in-fact. In so arguing, plaintiff conflates the injury-in-fact requirement for standing with the requirement that an ADA plaintiff allege standing to seek injunctive relief. Moreover, a court need only "accept[] the plaintiff's allegations as true and draw all reasonable inferences in the plaintiff's favor . . . [to] determine[] whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite*, 797 F.3d at 1121. Here, the court accepts plaintiff's allegation that he is a disabled individual, but, as discussed above, his complaint fails to allege that he encountered any barriers to accessibility at the Hotel, or how those purported barriers relate to his disability. Accordingly, plaintiff's allegations—even when accepted as true and viewed in the light most favorable to him—fail to invoke the court's jurisdiction. The Ninth Circuit's ruling in *CREE* supports the court's conclusion in this regard. There, three physically disabled plaintiffs who used wheelchairs called the defendant's hotels and learned that they did not provide shuttle service for mobility-impaired individuals but provided such a service for those who were not so impaired. *CREE*, 867 F.3d at 1097. The court found that these allegations sufficiently alleged an injury-in-fact because the plaintiffs became aware of a discriminatory condition that affected them and were thereafter deterred from patronizing the hotels. *Id.* at 1101. Unlike the plaintiffs in *CREE*, here, plaintiff does not sufficiently allege that he encountered or has become aware of barriers to his accessibility at the Hotel.

and that he "is deterred from visiting the Hotel based on his knowledge that the Hotel is not ADA and Unruh compliant" (Compl. at ¶¶ 11, 12)—are sufficient to establish his standing to pursue injunctive relief under the ADA. (Doc. No. 10 at 6–8.) Plaintiff is incorrect.

With respect to a plaintiff's intent to return to the Hotel, "courts have examined factors such as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (internal quotation marks and citation omitted). A plaintiff's generalized intent to return to a noncompliant facility is "simply not enough" to confer standing to seek injunctive relief because "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that [Supreme Court] cases require." *Lujan*, 504 U.S. at 564; *see also Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1167 (C.D. Cal. 2005) ("Generalized plans to return are insufficient to confer standing in an action for injunctive relief.").

Plaintiff contends that the factors outlined above need not be alleged in his complaint because they are only to be considered by a court addressing a factual attack to jurisdiction and not, as here, a facial attack. (Doc. No. 10 at 6–7.) Citing to the Ninth Circuit's decision in *Wilson v. Kayo Oil Company*, 563 F.3d 979 (9th Cir. 2009), plaintiff contends that minimal allegations of intent to return are sufficient to survive a motion to dismiss for lack of subject matter jurisdiction. (Doc. No. 10 at 6–7.) The court is not persuaded by plaintiff's argument. First, the court in *Kayo* did not hold that these noted factors may not be applied in the context of a facial challenge to jurisdiction; it only held that, because the plaintiff-appellant there presented "minimal allegations" that he was deterred from visiting a public accommodation on account of accessibility barriers, he had "survive[d] [the] facial attack on standing." 563 F.3d at 980. In other words, the holding in *Kayo* has no effect on whether the factors outlined in *Harris* may be considered in assessing a facial attack to jurisdiction, especially because the court in *Kayo* was not even analyzing the "intent to return" method of establishing a real and immediate threat of

repeated injury.  Second, other district courts have applied these factors to address facial challenges to jurisdiction in assessing complaints alleging violations of the ADA that plaintiff Strojnik has filed in his other cases.  *See, e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, 2:19-cv-02067-AB-PJW, (Doc. No. 23 at 4) (C.D. Cal. Aug. 14, 2019) (applying the factors outlined in *Harris* to the defendant's facial challenge to jurisdiction); *Strojnik v. Orangewood LLC*, 8:19-cv-00946-DFS-GJS, (Doc. No. 18 at 5) (C.D. Cal. Aug. 8, 2019) (same).

Having addressed plaintiff's arguments to the contrary, the court will now apply the *Harris* factors to determine whether his complaint in this case plausibly alleges that he intends to return to the subject Hotel.  Although the complaint alleges that plaintiff intends to visit the Hotel once it is ADA-complaint, this, as discussed, is "simply not enough."  *Lujan*, 504 U.S. at 564.  Defendant points out that consideration of the *Harris* factors compels the conclusion that the complaint does not show a genuine intent on plaintiff's part to return to the Hotel.  Namely, defendant notes that Plaintiff—who resides in Maricopa County, Arizona (Compl. at 1)—is located approximately 565 miles away from the Hotel; he has not alleged that he previously visited the Hotel; he has not alleged a definite intent to return; and he has not alleged that he frequently travels near the Hotel.  (Doc. No. 8-1 at 13–16).  Based on consideration of these factors, the court concludes that the complaint does not plausibly allege that plaintiff intends to return to the Hotel.

Similarly, the court finds that plaintiff's complaint does not plausibly allege that he is deterred from returning to the Hotel.  "[A]n ADA plaintiff can show a likelihood of future injury . . . when discriminatory architectural barriers deter him from returning to a noncompliant accommodation."  *Chapman*, 631 F.3d at 950.  However, "deterrence cannot merely be conjectural or hypothetical."  *Vogel v. Salazar*, No. SACV 14-00853-CJC, 2014 WL 5427531, at *2 (C.D. Cal. Oct. 24, 2014).  Here, plaintiff merely alleges that he "is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA and Unruh compliant . . . ."  (Compl. at ¶ 11.)  As discussed above, however, plaintiff has failed to allege that any feature at the Hotel is in fact non–compliant with the ADA.  Moreover, plaintiff's conclusory allegations with respect to deterrence "are insufficient to establish standing. . . .  Plaintiff does not allege or

9

provide any facts that he actually would return to the [Hotel] if it were ADA compliant." *Vogel*, 2014 WL 5427531, at *2. For example, plaintiff has not alleged that he visits Visalia often or that he will be in Visalia again anytime soon. "Plaintiff's conclusory statements that he is deterred from visiting [the Hotel] are insufficient to demonstrate that he would [stay at the Hotel] if it were accessible. As a result, he lacks standing to pursue his claims." *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477 (9th Cir. 2015).[3]

Because the complaint fails to allege an injury-in-fact and fails to adequately allege that plaintiff has standing to seek injunctive relief under the ADA, the court concludes that it does not have subject matter jurisdiction over plaintiff's sole federal claim. Accordingly, the court will dismiss plaintiff's first cause of action for lack of subject matter jurisdiction.

**B.    The Court Will Not Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims.**

Once all federal claims have been dismissed from a case, whether to retain jurisdiction over any remaining state law claims is left to the discretion of the district court. *See* 28 U.S.C. § 1367(c)(3); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). Generally, if federal claims are dismissed prior to trial, state law claims should be remanded to state court "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Acri*, 114 F.3d at 1000. Accordingly, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims and will instead dismiss them without prejudice to their re-filing in state court.

/////

/////

---

[3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**C.      Defendant's 12(b)(6) Motion to Dismiss and Plaintiff's Motions to Strike Have Been Rendered Moot.**

As noted at the outset, defendant's motion to dismiss asserts two grounds for dismissal: lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and failure to state a claim pursuant to Rule 12(b)(6). However, having concluded that the court lacks subject matter jurisdiction over plaintiff's ADA claim, and having declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims, defendant's motion to dismiss brought pursuant to Rule 12(b)(6) has been rendered moot and the court will not address the arguments made with respect to that aspect of the motion substantively. Similarly, plaintiff's motions to strike "5 irrelevant exhibits" that defense counsel attached to the pending motion (Doc. Nos. 11, 12) have also been rendered moot by the fact that the court has concluded it lacks subject matter jurisdiction over this action. Accordingly, plaintiff's motions to strike will be denied.

**D.      Leave to Amend Will be Granted.**

The Federal Rules of Civil Procedure provide that "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to amend need not be granted when the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). Here, the court will grant plaintiff leave to amend because, at the November 19, 2019 hearing on the pending motions, he indicated to the court that he could allege additional facts that could possibly cure the deficiencies outlined above.

The court notes, however, that while plaintiff is appearing in this action *pro se*, he is a lawyer and a frequent ADA litigator. Several district courts have dismissed complaints similar to the one before this court filed by plaintiff after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. Plaintiff is therefore well aware of the applicable Ninth Circuit law governing standing to assert an ADA claim and, in any event, has been made well aware of those standards in this order. The court therefore warns plaintiff that, as required by Federal Rule of Civil Procedure 11, any claims presented in any second amended complaint

that he may elect to file in this action must be warranted by existing law or by a nonfrivolous argument for extending or modifying that law and that any factual allegations must be made in a good faith belief as to evidentiary support therefor. "If . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on [plaintiff] . . . ." Fed. R. Civ. P. 11(c)(1); *see also Baker v. Cottrell, Inc.*, No. 1:16-cv-00840-DAD-SAB, 2017 WL 4574186, at *5 (E.D. Cal. Oct. 13, 2017) ("Federal Rule of Civil Procedure 11 sanctions are justified if a party or their attorney submits a pleading to the court which is submitted for an improper purpose, is frivolous, has no evidentiary support or is not warranted by the evidence.").

## CONCLUSION

For the reasons set forth above,

1. Defendant's motion to dismiss (Doc. No. 8) is granted with leave to amend;
2. Plaintiff's motions to strike (Doc. Nos. 11, 12) are denied as having been rendered moot; and
3. Any second amended complaint that plaintiff elects to file in this action shall be filed within fourteen (14) days after the issuance of this order.

IT IS SO ORDERED.

Dated: **November 20, 2019**

UNITED STATES DISTRICT JUDGE