UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK, SR.,<br><br>Plaintiff,<br><br>v.<br><br>HOTEL CIRCLE GL HOLDINGS, LLC,<br><br>Defendant. | No. 1:19-cv-01194-DAD-EPG<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART<br><br>(Doc. No. 29) |

**INTRODUCTION**

This matter is before the court on defendant Hotel Circle GL Holdings, LLC's motion to dismiss the first amended complaint ("FAC") of *pro se* plaintiff Peter Strojnik, Sr. (Doc. No. 29.) Pursuant to Local Rule 230(g), the court deemed the matter suitable for decision on the papers. (Doc. No. 34.) The court has considered the parties' briefs and, for the reasons set forth below, will grant defendant's motion to dismiss in part.

**BACKGROUND**

Plaintiff's FAC alleges as follows. Plaintiff is a person with physical disabilities, including "severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, [and a] degenerative right knee . . .." (Doc. No. 26 at 1–2.) These disabilities "substantially limit[] [plaintiff's] major life activities," including "sleeping, walking, standing, sitting, reaching, lifting and bending." (*Id.* at 4.) Defendant owns, operates, or

1

1  leases a hotel located at 300 S. Court Street, Visalia, CA 93291 (the "Hotel"). (*Id.* at 2.) On June
2  8, 2019, plaintiff visited the Hotel and encountered barriers to accessibility. (*Id.* at 8, 11.) The
3  barriers that plaintiff allegedly encountered on June 8, 2019 "deprive[d] him of the full and equal
4  enjoyment of the [Hotel]." (*Id.* at 11.) "Plaintiff intends to visit Defendant's Hotel at a specific
5  time when the Defendant's noncompliant Facility becomes fully compliant with [the Americans
6  with Disabilities Act's ("ADA") Accessibility Guidelines ("the ADAAG")] . . .." (*Id.* at 9.)

7  Plaintiff has included with his FAC a chart consisting of photographs of the barriers to
8  accessibility that he allegedly encountered at the Hotel, as well as a corresponding "reference"
9  column which purportedly describes how each photographed barrier violates the ADAAG. (*See*
10 *id.* at 14–21.)

11 In his FAC, plaintiff asserts claims under the ADA, the California Unruh Civil Rights Act
12 ("Unruh Act"), and the California Disabled Persons Act ("DPA") and a negligence claim against
13 defendant. (Doc. No. 26 at 1.) On January 7, 2020, defendant moved to dismiss the FAC
14 pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), arguing that: (1) plaintiff lacks
15 standing to assert his ADA and Unruh Act claims, and (2) plaintiff has failed to state a cognizable
16 negligence claim. (Doc. No. 29-1.) On January 14, 2020, plaintiff filed his opposition to the
17 pending motion, and on February 11, defendant filed its reply thereto. (Doc. Nos. 31, 33.)

18 **LEGAL STANDARD**

19 "Rule 12(b)(1) permits a defendant to seek dismissal of a complaint for lack of subject-
20 matter jurisdiction," and "[a] defendant may bring a Rule 12(b)(1) motion to dismiss based on a
21 lack of standing." *Borden v. Horwitz*, No. 2:10-cv-00141-JHN-PLAx, 2010 WL 11459325, at *2
22 (C.D. Cal. May 18, 2010) (citing *Young v. Crofts*, 64 F. App'x 24, 25 (9th Cir. 2003)[1]); *see also*
23 *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing and mootness both pertain
24 to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a
25 motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6).").
26 /////
27
28 [1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White*, 227 F.3d at 1242). "The district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): [a]ccepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). As is true in evaluating a Rule 12(b)(6) motion, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039.[2]

## ANALYSIS

Defendant asserts a facial challenge to this court's jurisdiction over this action. (Doc. No. 29-1 at 10.) Defendant contends that, even assuming all of plaintiff's allegations are true and all reasonable inferences are drawn in plaintiff's favor, the FAC fails to adequately allege that: (1) plaintiff has suffered an injury-in-fact, and (2) he has standing to pursue injunctive relief. (Doc. No. 29-1 at 10–20.) The court addresses each argument below.

**A.     Plaintiff Fails to Allege Article III Standing**

Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of Los Angeles v. Lyons*, 461 U.S.

---

[2] As discussed in this order, the court concludes that it lacks subject matter jurisdiction over plaintiff's sole federal claim, and the court therefore cannot exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the court need not address plaintiff's 12(b)(6) motion or the relevant legal standards.

3

95, 101 (1983).  To satisfy the case or controversy requirement, a plaintiff must allege facts showing that he has suffered an injury-in-fact that is concrete and particularized, that the injury is traceable to the challenged action of the defendant, and that the injury is likely to be redressed by a favorable decision.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).  "In addition, to establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs under the ADA, [a plaintiff] must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (footnote and citation omitted).  "[A]n ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."  *Id.* at 944.

        1.        <u>Plaintiff Fails to Allege an Injury-in-Fact</u>

In moving to dismiss, defendant argues that the FAC does not plausibly allege an injury-in-fact.  (Doc. No. 29-1 at 11.)  Specifically, defendant contends that the FAC does not sufficiently allege that plaintiff is disabled, nor does it identify how any of the barriers he allegedly encountered at the Hotel relate to his purported disabilities.  (*Id.* at 11–15.)  Defendant contends that plaintiff's attachments of photographs with "generic descriptive caption[s]" are "improper legal conclusions" that do not connect the alleged ADA violations to any particular harm that plaintiff faced.  (*Id.* at 12.)  In his opposition, plaintiff redirects the court's attention to various paragraphs in his FAC by copying and pasting them, arguing that the FAC adequately alleges an injury-in-fact.  (*See* Doc. No. 31.)  The court finds that the FAC's allegations are insufficient in this regard.

First, the FAC does not allege that plaintiff was physically disabled when he visited the Hotel.  The FAC alleges that plaintiff has a deteriorating right knee, that his renal cancer causes him pain in his lower back and abdomen, and that his femoral neuropathy limits his ability to sleep, walk, stand, sit, reach, and lift.  (Doc. No. 29-1 at 3–6.)  Plaintiff alleges that his disabilities, "in their unmitigated state," require the use of a wheelchair to ambulate and that the pain in his right knee is "constant" and is "a lifetime condition."  (*Id.* at 5–7.)  Missing from the

FAC, however, are any factual allegations from which this court could surmise or infer that plaintiff was physically disabled when he visited the Hotel on June 8, 2019. For example, the FAC does not allege how often plaintiff requires ambulatory assistance versus wheelchair assistance, nor does it allege that he required ambulatory or wheelchair assistance when he visited the Hotel. This deficiency clouds whether plaintiff has suffered an injury in fact. *See, e.g.*, *Strojnik v. Village 1017 Coronado, Inc.*, No. 19-cv-02210-BAS-MSB, 2020 WL 3250608, at *4 (S.D. Cal. June 16, 2020) (finding plaintiff failed to establish Article III standing where he "d[id] not allege when he needs the assistance of a wheelchair or that he needed the assistance of a wheelchair at the time he wished to visit the Hotel"); *Rutherford v. Cesar's Mexican Rest., LLC*, No. 19-cv-1416-LAB-JLB, 2019 WL 4193392, at *1 (S.D. Cal. Sept. 3, 2019) (finding that a plaintiff failed to establish Article III standing where he did not allege whether he used a wheelchair at the defendant's facility despite pointing out barriers to accessibility that related to wheelchair users); *cf. Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002) (holding that the plaintiff, who required use of a wheelchair, adequately plead an injury-in-fact because he alleged that he was forced to wait in the parking lot of the grocery store in violation of the ADA due to the store's lack of wheelchair access, thus establishing that he required wheelchair access at the time he patronized the store). Here, the FAC fails to include *any* factual allegations suggesting that plaintiff required accommodations due to his disabilities on the date he visited the Hotel.

Second, plaintiff does not allege what barriers to accessibility he purportedly encountered at the Hotel on the day of his visit or how those alleged barriers relate to his alleged disabilities. As discussed above, plaintiff has included in the FAC a chart titled "Accessibility Barriers Personally Encountered by Plaintiff on 2019-06-08," which consists of twenty-two photographs under a column titled "proof" and a corresponding column titled "reference" wherein plaintiff describes the purported ADA violation depicted in each photograph. (*See* Doc. No. 26 at 14–21.) The photographs, however, are grainy and murky, and it is therefore difficult for the court to ascertain what is depicted in them. The rest of the chart is similarly unhelpful, as it "does not identify any barriers that would affect Strojnik, deny him equal access, or deter him from staying

at the hotel." *Strojnik v. 1315 Orange LLC*, No. 19-cv-1991-LAB-JLB, 2019 WL 5535766, at *2 (S.D. Cal. Oct. 25, 2019). Plaintiff's descriptions of the photographs—such as "[i]naccessible check in-counter," "[m]ore than 5 lbs to open", or "grab bar – plumbing interference"— are bare legal conclusions cast in the form of factual allegations. Such "generic descriptions . . . are too vague to assess whether and how Strojnik was injured" by the Hotel. *Strojnik v. IA Lodging Napa First LLC*, No. 19-cv-03983-DMR, 2020 WL 906722, at *3 (N.D. Cal. Feb. 25, 2020); *cf. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1038 (9th Cir. 2008) (finding that a plaintiff suffered an injury-in-fact when he cited nine barriers to accessibility in a convenience store that contained descriptions of how they affected his disability: e.g., "the entry mat obstructed entry to the store," and "the floor space was obstructed by merchandise"). Entirely missing from the FAC filed in this case are any alleged facts from which the court could conclude that plaintiff actually encountered barriers at the Hotel such as, for example, facts describing how the check-in counter was inaccessible to him, or that he tried to open a door at the Hotel that was more than five pounds, or that he tried to use a grab bar and was unable to do so. Plaintiff "must do more than merely identify barriers that he encountered—he must plead how each barrier affected him because of his disability" to establish an injury-in-fact. *Strojnik v. Orangewood LLC*, No. 8:19-cv-00946-DFS-GJS, (Doc. No. 18 at 7) (C.D. Cal. Aug. 8, 2019).

Even a perfunctory review of the chart included in the FAC reveals that it falls far short of these standards. Plaintiff's chart: (1) contains grainy and murky photos, (2) lists, but does not describe, various ADAAG standards, (3) does not describe an ADAAG violation, (4) gives conclusory descriptions of the alleged barriers, and (5) fails to plead how the alleged barriers specifically affected him because of his disabilities. In other words, plaintiff "leaves th[is] federal court to guess which [and] . . . how any of the alleged violations threatens to deprive him of full and equal access due to his disability." *Chapman*, 631 F.3d at 955. "[S]imply alleging without elaboration that some feature denies full and equal access is an insufficient legal conclusion." *Strojnik v. Victus Grp., Inc.*, No. 1:18-cv-1620-AWI-SKO, 2020 WL 1492664, at *3–4 (holding that Strojnik failed to adequately allege an injury-in-fact when his "Complaint does not explain how [his] specific disability was affected by any of the alleged barriers . . . so as to deny him full

6

1  and equal access" when "the pictures and their captions are too conclusory to constitute well-
2  pleaded facts"); *see also IA Lodging Napa First, LLC*, 2020 WL 2838814, at *6 ("The
3  photographs attached to [Strojnik's] complaint have generic and vague descriptions that do not
4  explain either why the identified features are not ADA compliant or how they are related to his
5  disability."). Accordingly, the court concludes that plaintiff has failed to adequately allege an
6  injury-in-fact.

7      2.    <u>Plaintiff Fails to Allege Standing to Seek Injunctive Relief Under the ADA</u>

8  Even if the court were to find that the FAC plausibly alleged that he encountered an ADA
9  violation at the Hotel, defendant contends that the FAC must nevertheless be dismissed due to
10 lack of standing because plaintiff has not properly alleged an intent to return to the Hotel, nor has
11 he alleged facts sufficient to demonstrate that he has been deterred from returning. (Doc. No. 29-
12 1 at 15–20.) In his opposition, plaintiff again copies and pastes the allegations from his FAC,
13 arguing that he has sufficiently alleged standing to seek injunctive relief. (Doc. No. 31 at 14–15.)
14 The court finds that the FAC's allegations are insufficient to establish standing to seek injunctive
15 relief.

16 With respect to plaintiff's intent to return to the Hotel, "courts have examined factors such
17 as (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's
18 past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and
19 (4) the plaintiff's frequency of travel near defendant." *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d
20 1107, 1113 (C.D. Cal. 2005). Here, defendant points out that consideration of the *Harris* factors
21 compels the conclusion that plaintiff has not alleged a genuine intent to return to the Hotel. The
22 court agrees.

23 Plaintiff lives in Maricopa County, Arizona, which is approximately 565 miles from the
24 Hotel. (Doc. No. 26 at 1.) Plaintiff alleges he "has travelled and lodged in California over 200±
25 [sic] times" and lists his schedule of visits to California in 2019. (*Id.* at 10.) Plaintiff evokes with
26 "certainty" that he will lodge at defendant's facility when he is in California, despite listing only a
27 single visit to the Hotel on June 8, 2019. (*Id.* at 10–11.) Ignoring the fact that plaintiff mentions
28 travelling to the *Fresno* area in the past and requiring a place to stay in *Fresno* in the past (despite

the Hotel being located 45 miles away from Fresno in Visalia), plaintiff's lone visit to the Hotel in June of 2019 weighs against a finding that he has standing to seek injunctive relief. *See Harris*, 396 F. Supp. 2d at 1113 (holding a plaintiff failed to establish an intent to return when he only had patronized the restaurant one time). Similarly, plaintiff's alleged intention to visit the Hotel "on the weekend of April 4–5 of 2020" once it is ADA-compliant is not enough to confer standing. (Doc. No. 26 at 11.) While the court recognizes that plaintiff intended to visit the Hotel for a weekend in April 2020, the FAC makes it clear that he would only do so *if* the Hotel remedied its alleged access violations. "Such some day intentions and conditional intentions are not sufficient to confer standing." *Bodley v. Plaza Mgmt. Corp.*, 550 F. Supp. 2d 1085, 1089 (D. Ariz. 2008) (quoting *Lujan*, 504 U.S. at 564); *see also Molski v. Kahn Winery*, 405 F. Supp. 2d 1160, 1167 (C.D. Cal. 2005) ("Generalized plans to return are insufficient to confer standing in an action for injunctive relief."). Finally, with respect to plaintiff's frequency of travel near the Hotel, plaintiff indicates he "has travelled to the Fresno area and lodged in the vicinity of [the Hotel] innumerable times in the past." (Doc. No. 26 at 11.) Again, setting aside the fact that Fresno and Visalia are 45 miles apart from one another, plaintiff later indicates that he travels through Visalia on a six-month interval en route to California's wine country. (*Id.*) However, even traveling through a location twice per year may be too infrequent to establish standing. *See Wilson v. Costco Wholesale Corp.*, 426 F. Supp. 2d 1115, 1122 (S.D. Cal. 2006) (holding a plaintiff failed to establish standing to sue for ADA violations when he planned to travel to the restaurant in question only three or four times per year); *cf. Pickern*, 293 F.3d at 1135 (granting standing when a plaintiff stated he planned to return to the area of the establishment "every Sunday" and "all the time"). Based on consideration of the *Harris* factors, the court concludes that plaintiff does not plausibly allege that he intends to return to the Hotel.

The court also finds that plaintiff does not plausibly allege that he is deterred from returning to the Hotel. "[A]n ADA plaintiff can show a likelihood of future injury . . . when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Chapman*, 631 F.3d at 950. However, "deterrence cannot merely be conjectural or hypothetical," *Vogel v. Salazar*, No. 14-cv-00853-CJC-DFMx, 2014 WL 5427531,

8

at *2 (C.D. Cal. Oct. 24, 2014), but requires "actual knowledge" of alleged barriers to accommodation that would deter an individual from patronizing a business, *Victus Grp., Inc.*, 2020 WL 1492664, at *3. Here, as discussed above, plaintiff has not alleged facts establishing "how any feature at the Hotel is non-compliant with the ADA or how it relates to his disability so as to deter him from staying at the Hotel," and thus he has no actual knowledge of any barriers that relate to his disability. *Strojnik v. Four Sisters Inns, Inc.*, No. 2:19-cv-02991-ODW-JEMx, 2019 WL 6700939, at *5 (C.D. Cal. Dec. 9, 2019); *see also Victus Grp., Inc.*, 2020 WL 1492664, at *3 ("With respect to deterrence standing, . . . there are insufficient allegations of actual knowledge of the alleged architectural accommodations."); *cf. Doran*, 524 F.3d at 1040–41 (holding a plaintiff was deterred from returning to a facility when he established actual knowledge of architectural barriers by sufficiently demonstrating ADA non-compliance and how the barriers related to his disability). Accordingly, to the extent that plaintiff is deterred, that deterrence is conjectural and hypothetical, and therefore the allegations of the FAC are not sufficient to establish his standing to pursue the injunctive relief he is seeking in this action.

Because the FAC fails to allege an injury-in-fact and fails to adequately allege that plaintiff has standing to seek injunctive relief under the ADA, the court lacks subject matter jurisdiction over plaintiff's sole federal claim. *See Naruto v. Slater*, 888 F.3d 418, 425 n.7 (9th Cir. 2018) ("[L]ack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).") (internal citation omitted). Accordingly, the court will dismiss plaintiff's first cause of action for lack of subject matter jurisdiction, and will do so without further leave to amend and with prejudice. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

In its prior order granting defendant's motion to dismiss plaintiff's original complaint, the court provided plaintiff with the relevant legal standards governing injury-in-fact under the ADA and granted him leave to amend his complaint because he indicated to the court that he could allege additional facts to cure the deficiencies the court had identified in his original complaint.

(*See* Doc. No. 22.) The FAC, however, suffers from the exact same defects that were identified in plaintiff's original complaint, namely that he does not allege that he has standing to pursue the claims he is asserting or the relief he is seeking in this ADA action. It is therefore apparent to the court that granting any further leave to amend would be futile. *See AmerisourceBergen Corp. v. Dialysist W. Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

Moreover, the court notes that, while plaintiff is appearing in this action *pro se*, he is a lawyer and a frequent ADA litigator. Several district courts have dismissed complaints filed by plaintiff similar to the one before this court after finding that he did not properly allege standing to invoke the court's jurisdiction in those cases. *See, e.g.*, *Vill. 1017 Coronado, Inc.*, 2020 WL 3250608, at *4 (collecting cases and noting that "[p]laintiff [Strojnik], both as a lawyer in Arizona, and now acting *pro se*, has filed identical allegations in multiple courts and has been repeatedly told that the allegations are insufficient for standing"); *Strojnik v. Host Hotels & Resorts, Inc.*, No. 19-cv-00136-JMS-RT, 2020 WL 2736975, at *6 (D. Haw., May 26, 2020) ("Plaintiff has filed a nearly identical form complaint in many courts, containing nearly-identical allegations, and merely replaces the pictures and screenshots of defendant hotels—all of which have been rejected by many courts on similar grounds."); *IA Lodging Napa First LLC*, 2020 WL 2838814, at *6 ("The number of other, essentially identical, complaints he has filed . . . raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims."). Based on the amendments in his FAC, as well as the orders of the other district courts who have considered almost identical complaints filed by plaintiff, this court finds that plaintiff has not made a good faith effort to cure the deficiencies of his complaint previously identified by this court, and instead has repeated boilerplate allegations that this court and other courts have found to be insufficient to allege standing in an ADA action. *See Vill. 1017 Coronado, Inc.*, 2020 WL 3250608, at *5 ("At this point, Mr. Strojnik is on notice [on] what needs to be alleged to establish standing and yet he has not done so in this case. The Court can only conclude that he has not done so because he cannot do so. Therefore, the Court dismisses Count One with prejudice.").

1  Accordingly, plaintiff's ADA claim in this action will also be dismissed with prejudice.

**B.   The Court Cannot Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims**

"[S]upplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it." *Herman Family Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001). This is because

> [a] dismissal on the merits is different from a dismissal on jurisdictional grounds. If the district court dismisses all federal claims on the merits, it has discretion under [28 U.S.C.] § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.

*Id.* at 806. Because the court will dismiss plaintiff's sole federal claim in this action for lack of subject matter jurisdiction, it cannot exercise supplemental jurisdiction over plaintiff's remaining state law claims and must dismiss them. Accordingly, plaintiff's state law claims will be dismissed without prejudice to their filing in state court. *See Brooke v. Capitol Regency LLC*, No. 2:16-cv-02070-JAM-EFB, 2017 WL 2165866, at *3 (E.D. Cal. May 17, 2017) (dismissing the plaintiff's state law claims under the Unruh Act and the California Disabled Persons Act without prejudice after dismissing plaintiff's federal ADA claim for lack of subject matter jurisdiction).

**C.   Defendant's 12(b)(6) Motion to Dismiss Has Been Rendered Moot**

As noted above, defendant's motion also seeks to dismiss plaintiff's negligence claim for failure to state a claim pursuant to Rule 12(b)(6). Having concluded that the court lacks subject matter jurisdiction over plaintiff's ADA claim, and that the court cannot exercise supplemental jurisdiction over plaintiff's remaining state law claims, defendant's motion to dismiss brought pursuant to Rule 12(b)(6) has been rendered moot and the court will not address the arguments made with respect to that aspect of defendant's motion.[3]

/////

---

[3] Plaintiff filed a motion to strike supplemental authority that defendant filed after its motion to dismiss the FAC was taken under submission. (Doc. No. 38.) The court, however, did not rely on that particular supplemental authority in rendering this decision. Accordingly, plaintiff's motion to strike will also be denied as having been rendered moot by the issuance of this order.

11

**CONCLUSION**

For the reasons set forth above,

1. Defendant's motion to dismiss (Doc. No. 29) is granted in part and as follows:

    a. The FAC's first cause of action alleging violations of the ADA is dismissed without further leave to amend and with prejudice;

    b. The motion is denied in all other respects as moot;

2. The court cannot exercise supplemental jurisdiction over the FAC's remaining state law claims;

3. Plaintiff's motion to strike (Doc. No. 38) is denied as having been rendered moot; and

4. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **July 28, 2020**                                      /s/ Dale A. Drozd
                                                              UNITED STATES DISTRICT JUDGE